UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 00-349(PAM)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALONZO WILLIAMS,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO REDUCE SENTENCE |

The United States of America, by and through its attorneys, Frank J. Magill, Jr., Acting United States Attorney for the District of Minnesota, and Michael L. Cheever, Assistant United States Attorney, hereby submits this memorandum in opposition to defendant Alonzo Willams' Motion To Reduce sentence. The defendant is eligible for a reduced sentence within the range of 120 to 140 months. The Court should nonetheless deny the motion.

**I. PROCEDURAL BACKGROUND.**

The defendant was charged by superseding indictment on February 7, 2001. On February 26, 2001, the defendant entered a plea agreement with the government and pled guilty to count 1 of the superseding indictment which charged him with conspiracy to distribute more than 50 grams of crack and more than 300 grams of cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A).

In the plea agreement, the parties agreed the defendant's base offense level was 32, which applied to amounts of 50 to 150 grams of crack. The parties agreed the only adjustment to the base offense level was a 3-point reduction for acceptance of responsibility. With a total offense level of 29 and a criminal

history category of V, the parties anticipated the applicable guideline range was 140 to 175 months imprisonment. Document 86.

The Probation Office concluded in its Presentence Investigation Report that the defendant's applicable guidelines to be higher in several respects. First, it found the defendant's relevant conduct included 154.63 grams of crack and 389.66 grams of cocaine, which resulted in a base offense level of 34. PSR ¶¶ 15, 34. Second, it found the defendant had 16 criminal history points, resulting in a criminal history category of VI. PSR ¶¶ 29-44. Third, the Probation Office found the defendant was a career offender based on his convictions for burglary and escape. PSR ¶¶ 27, 29, 35, 44.

Using the career offender guidelines, the Probation Office found the defendant's base offense level was 37 based on the statutory maximum of life imprisonment. PSR ¶ 27. With a 3-point reduction for acceptance, the total offense level found in the PSR was 34. Id. At criminal history category VI, the guideline range was determined to be 262 to 327 months imprisonment. PSR ¶ 67.

After receiving the PSR, the defendant moved for a downward departure. Document 90. Thereafter, he obtained new counsel and moved to withdraw from the plea agreement. Documents 98, 102, 103. The issue was addressed at the sentencing hearing on August 31, 2001. The manner in which this issue was resolved was previuosly described by the government as follows:

> Prior to the sentencing, Judge Magnuson indicated to the parties that the Court intended to depart from the PSR's recommendation concerning the application of the 'Career Offender' guidelines and, rather, would adhere to the guideline range of imprisonment (140-175 months) set forth in the parties' Plea Agreement. On that basis, counsel for Appellant Williams withdrew the motion to reject the Plea Agreement.

Brief of Appellee at 9, Williams v. United States, 343 F.3d 927 (8th Cir. 2002) (No. 02-2250).

At the August 31, 2001, sentencing hearing, the defendant withdrew his motions. Sentencing Transcript ("ST") 3. The Court then found "the Total Offense Level is 29, the Criminal History Score is V, the imprisonment range is 140 to 175 months." ST 3. The Court made these same guidelines findings in its Judgment at page 5 and in its Statement of Reasons at page 2. The Court imposed a sentence of 140 months imprisonment.

In the course of sentencing the defendant, the Court adopted "the PSR's findings of facts (¶¶ 1-65) as its findings of fact." Statement of Reasons at 1. Since those paragraphs of the PSR concluded the defendant was responsible for more than 150 grams of crack and was a career offender, there is some ambiguity as to whether the Court found the defendant was a career offender and then departed to the guideline range of 140 to 175 months or whether it found the defendant was not a career offender. What was clear with respect to Williams' sentence is that, as the Court said, the defendant "dodged one huge bullet." ST 7.

Neither the government nor the defendant appealed the sentence. The defendant did file a motion to vacate the sentence pursuant to 28 U.S.C. § 2255. This Court denied the motion, and its decision was affirmed on appeal. Williams v. United States, 343 F.3d 927 (8th Cir. 2002) (per curiam), cert. denied, 541 U.S. 1000 (2004). In the course of that appeal, the Eighth Circuit recognized: "The prosecutor and the judge agreed not to treat Williams as a career offender and thereby abide by the Guidelines range anticipated in the plea agreement, if Williams withdrew his motion." Id. at 928. The Court of Appeals also recognized Williams had received a considerable break in his sentence, stating: "If Williams had withdrawn his guilty plea, proceeded to trial, and been convicted of trafficking any quantity whatsoever of powder cocaine, his Guidelines imprisonment range as a career offender would have been no less than 210-262 months." Id.

On June 27, 2008, the defendant filed a Motion To Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2). The defendant seeks a reduction of his sentence based on Amendments 706 and 711, which modified the crack cocaine guidelines under which the defendant was sentenced. The defendant correctly argues that the new guideline range is 120 to 140 months and asks for a reduced sentence of 120 months, the statutory minimum.

The government agrees the defendant was not treated as a career offender at the time of his original sentencing. He is therefore eligible for a reduced sentence within the range of 120

to 140 months. His total offense level is reduced from 29 to 27. At criminal history category V, the amended guideline range is 120 to 150 months. Since his sentence cannot be increased, the effective range is 120 to 140 months. The Court should nonetheless deny the motion.

## II. THE DEFENDANT IS ELIGIBLE FOR A REDUCED SENTENCE BETWEEN 120 AND 140 MONTHS BUT THE MOTION SHOULD BE DENIED.

In considering a motion for a reduced sentence pursuant to Section 3582(c)(2), the Court must make two separate determinations. United States v. Hasan, 245 F.3d 682, 684-85 (8th Cir. 2001) (en banc). First, the Court must determine the amended guideline range and what sentence it would have given at the time of the original sentencing had the amended guideline range applied. Id. at 684-85. Second, the Court must consider whether to exercise its discretion to reduce the sentence, in light of the factors in Section 3553(a) and the information it now has. Id. at 685.

### A. The Amended Guideline Range.

The first step in deciding whether to grant a Section 3582(c)(2) motion is for the Court to determine the amended guideline range. As the Eighth Circuit, en banc, has described the process:

> First, 'the district court must determine what sentence it would have imposed had the new sentencing range been the range at the time of the original sentencing.' The court must leave all previous factual determinations intact at this point and simply determine 'what sentence it would have imposed had the retroactive amendment been in effect at the time the defendant was sentenced.

Hasan, 245 F.3d at 684-85 (quoting United States v. Wyatt, 115 F.3d 606, 608, 609 (8th Cir. 1997)).

Amendments 706 and 711 reduced the guideline range applicable in this case, and therefore the Court may consider whether to reduce his sentence. If the government is correct about the Court's guideline calculations at the time of sentencing, the defendant's base offense level is 30, rather than 32, pursuant to amended Section 2D1.1. With the 3-point reduction for acceptance, total offense level is 27 rather than 29. With the established criminal history category of V, the amended guideline range is 120 to 150 months. This is a reduction from the original guideline range of 140 to 175 months.

**B. The Court's Discretion Is Limited to a Sentence Between 120 and 140 Months.**

The second step in deciding whether to grant a Section 3582(c)(2) motion is for the Court to determine whether to exercise its discretion in granting a reduction, and if so, to what extent. As the Eighth Circuit stated in Hasan:

> The second step requires the district court to decide whether to give the defendant the benefit of that particular reduced sentence . . . . [T]he district court retains the discretion to determine whether to resentence the defendant within the new lower range. It is not required to do so, and a new lesser sentence is not to be automatically awarded.

245 F.3d at 685.

If the Court decides to exercise its discretion and grant a reduction in sentence, the factors for it to consider and the

limits on its discretion are set forth in Section 3582(c)(2) and the applicable policy statements of the Sentencing Commission. Section 3582(c)(2) provides: "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

Similarly, Section 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted. Id. cmt. n.1(B)(i); see also U.S.S.G. § 1B1.10 background ("The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right."); United States v. Coohey, 11 F.3d 97, 101 (8th Cir. 1993).

The Eighth Circuit described this process in Hasan as follows:

> In this second step . . . the guiding factors in § 3553(a) and the applicable policy statements of the Sentencing Commission are not grounds for an additional departure below the new sentence length already determined by the district court in step one. Rather, these factors guide the district court's second-step discretionary determination of whether to reduce [the defendant's] sentence to [the bottom of the revised guideline range].

245 F.3d at 685. The Court of Appeals, en banc, further emphasized this point in Hasan, stating:

> The language of the statute, 18 U.S.C. § 3582(c)(2), is clear. The factors set forth in § 3553(a) and the applicable policy statements are to be considered only when making the decision whether to reduce a term of imprisonment as a result of the Sentencing Commission's lowering of the sentencing range. The statute does not say that the court may reduce the term of imprisonment below the amended sentencing range or that the § 3553(a) factors or the applicable policy statements should be considered for such an additional reduction.

Id.

Subject to the limits set forth in Section 1B1.10(b), the Court may consider all pertinent information in applying the Section 3553(a) factors and determining whether and by how much to reduce the defendant's sentence. In particular, the Court must consider public safety considerations, and may consider information regarding the post-sentencing conduct or situation of the defendant, whether positive or negative. Revised application note 1(B)(ii) directs that "[t]he court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Revised application note 1(B)(iii) further directs that "[t]he court may consider post-sentencing conduct of the defendant that occurred after the imposition of the original term of imprisonment." Id. n.1(B)(iii). The application note explains that these factors are relevant in determining whether and by how much to reduce a sentence, but only within the limits set forth in Section 1B1.10(b).

This Court has considerable discretion in deciding whether or not to grant a reduction of sentence in this case. It further has considerable discretion in determining the extent of any such reduction within the amended guideline range of 120 to 150 months. The Court may not, however, increase the sentence above the prior sentence of 140 months, nor may it reduce the sentence below the bottom of the amended guideline range, which is also the statutory minimum, 120 months.

**C. The Court Should Exercise Its Discretion To Deny the Motion.**

In this case, the Court should not grant any reduction to the defendant's sentence. The Court adopted the facts in the PSR. But pursuant to the parties' plea agreement, the defendant received effectively a 5-point reduction in his base offense level and a one-category reduction in his criminal history because (1) he was not treated as a career offender; (2) his relevant conduct excluded amounts of crack cocaine and powder cocaine; and (3) he was treated as having 12 criminal history points rather than 16. As both this Court and the Court of Appeals have already recognized, the defendant was treated generously at the time of his original sentencing. The amendments to the crack guidelines were made retroactive, but not for the benefit of defendants who were already given relief from the harsh impact of the crack guidelines. The

defendant should not receive a reduction from the sentence he received.

Dated: July 7, 2008

Respectfully submitted,

FRANK J. MAGILL, JR.
Acting United States Attorney

s/Michael L. Cheever

BY: MICHAEL L. CHEEVER
Assistant U.S. Attorney
Minn. Attorney ID No. 192582