UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

Plaintiff,

v.

Alonzo Williams,

Defendant.

Crim. No. 00-349 (PAM)

**MEMORANDUM AND ORDER**

---

This matter is before the Court on Defendant Alonzo Williams's ("Williams") Motion for Resentencing Pursuant to 18 U.S.C. § 3582(c)(2). For the reasons that follow, the Court grants the Motion.

**BACKGROUND**

In 2001, the Court sentenced Williams to 140 months of incarceration after he pled guilty to conspiracy to distribute cocaine and cocaine base ("crack") in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846(b)(1)(C). This was within the guidelines sentence of 140 to 175 months, which reflected the Court's determination that the total offense level was 29 and the criminal history category was V.

In his Motion for Resentencing, Williams contends that because recent amendments to the sentencing guidelines have been made retroactive, his total offense level is 27 and the applicable range is now 120 to 150 months. He requests that the Court impose a 120-month sentence at the bottom of this range. The Government agrees that the applicable range is now 120 to 150 months but contends that the Court should deny the Motion because Williams already has effectively benefitted from the recent amendments.

**DISCUSSION**

Amendment 706 to the Sentencing Guidelines generally adjusted downward by two levels the base offense level assigned to each threshold quantity of crack listed in the Drug Quantity Table, U.S.S.G. § 2D1.1. See United States v. King, 518 F.3d 571, 576 (8th Cir. 2008). The Sentencing Commission gave retroactive effect to Amendment 706, beginning March 3, 2008. Id. The purpose was "to help alleviate the sentencing disparity which adversely affected defendants convicted of crack cocaine offenses." United States v. Mendoza, 2008 WL 2445986 (8th Cir. June 19, 2008) (per curiam), at *1.

The Government does not dispute that Williams is eligible for the two-level reduction but nevertheless asserts that the Court should exercise its discretion to deny the Motion because the amendments "were made retroactive, but not for the benefit of defendants who were already given relief from the harsh impact of the crack guidelines." (Opp'n Mem. at 9.) The Government offers no legal support for this argument but rather suggests that the somewhat atypical history of this case requires that the Motion be denied.

Williams's plea agreement calculated his imprisonment range as 140 to 175 months, but the Probation Office treated him as a Career Offender and calculated the range as 262 to 327 months. See Williams v. United States, 343 F.3d 927, 927-28 (8th Cir. 2002) (per curiam), cert. denied, 510 U.S. 1000 (2004). Williams then obtained new counsel, who filed a Motion to Withdraw his plea on grounds that previous counsel "had rendered ineffective assistance by misadvising Williams that the penalties were the same for cocaine base and

powder cocaine, inducing him to plead guilty to trafficking cocaine base when he had in fact been involved with only powder cocaine." Id. at 928.

Williams thereafter agreed not to pursue the Motion to Withdraw on assurance that he would not be treated as a career offender. Id. The Court then sentenced him to 140 months of imprisonment, at the bottom of the guidelines range. Subsequently, Williams filed an 18 U.S.C. § 2255 Motion alleging ineffective assistance of counsel and asserting that he would not have pled guilty at all but for his original counsel's erroneous advice. The Court denied the Motion and the Eighth Circuit Court of Appeals affirmed, stating:

> It was a reasonable strategy for the lawyer to advise Williams to maintain his guilty plea because doing so benefitted Williams by limiting his Guidelines imprisonment range to 140-175 months. If Williams had withdrawn his guilty plea, proceeded to trial, and been convicted of trafficking any quantity whatsoever of powder cocaine, his Guidelines imprisonment range as a career offender would have been no less than 210-262 months.

Id. at 928-29 (internal citation omitted).

According to the Government, because "this Court and the Court of Appeals have already recognized [that] the defendant was treated generously at the time of his original sentencing," Williams' Motion should be denied. However, the Government largely ignores that the purpose behind Amendment 706 was to alleviate the sentencing disparity that adversely affected defendants convicted of crack cocaine offenses. See Mendoza, 2008 WL 2445986, at *1. The disparity between powder and crack cocaine sentences was the very issue that prompted Williams to file and then withdraw his guilty plea and to proceed to sentencing. See Williams, 343 F.3d at 928-29. In this situation, "it would be inequitable not

to carry out the Sentencing Commission's intent that sentences of this type be reduced by two levels." United States v. Jennings, No. 95-63 (D. Minn. May 8, 2008) (Magnuson, J.), slip op. at 3. The Court finds that a reasonable sentence is 120 months, at the bottom of the new guidelines range that the Government agrees is applicable.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Resentencing Pursuant to 18 U.S.C. § 3582(c)(2) (Docket No. 136) is **GRANTED**.

Dated: Tuesday, July 9, 2008

*s/ Paul A. Magnuson*
Honorable Paul A. Magnuson
United States District Court Judge